This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                      **No. 31,958**

**JORDAN ANDREW BARBER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant-Appellant Jordan Andrew Barber (Defendant) appeals from multiple convictions for vehicle burglary, larceny, criminal damage to property, conspiracy,

and possession of burglary tools. We issued a notice of proposed summary disposition, proposing to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

Defendant has raised a single issue, challenging the exclusion of a recording of a hearing at which one of the State's witnesses was sentenced. [DS 7] The defense sought to present this evidence in order to clarify that the witness had received leniency in exchange for his testimony against Defendant. However, as we observed in the notice of proposed summary disposition, this information was conveyed to the jury in the course of the witness's testimony at trial. On cross-examination the witness specifically stated that the prosecutor had requested, and he had ultimately received, an entirely suspended sentence in exchange for his testimony against Defendant. [DS 6-7; MIO 2] Under the circumstances the recording would have essentially constituted cumulative evidence, which the district court was well within its discretion to exclude. *See generally State v. Marquez*, 1998-NMCA-010, ¶ 24, 124 N.M. 409, 951 P.2d 1070 ("[T]he trial court in its discretion may properly exclude cumulative evidence.").

In his memorandum in opposition Defendant takes issue with our characterization of the recording as cumulative evidence, on the theory that the jury had previously heard conflicting information relative to the witness's sentence. [MIO 3] We acknowledge that the prosecutor's questioning on the subject was less than

2

ideally clear. [MIO 1-2]  However, the witness unequivocally explained on cross-examination that he had received an entirely suspended sentence in exchange for his testimony against Defendant.  [MIO 2]  We perceive no basis for Defendant's claim of lingering ambiguity. [MIO 3-4]  Insofar as the witness clarified the matter, we reject Defendant's suggestion that the jury had been presented with "two opposing stories," such that resort to the recording was necessary. [MIO 3]

Accordingly, for the reasons stated, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**LINDA M. VANZI, Judge**